UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Twin City Floor Covering Industry Pension Fund and Twin City Floor Covering Industry Fringe Benefit Trust Fund,

Plaintiffs,

vs.

Hagen Companies, Inc.,

Defendant.

Civ. No. 01-1047 (RHK/SRN)

**FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER**

---

This matter was heard before the undersigned on the 21st day of August, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for an on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on June 12, 2001.

2. Defendant Hagen Companies, Inc. was served with a Summons and Complaint in this matter on June 14, 2001.

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide,

FILED 8-21-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.________
DEPUTY CLERK________

among other things, pension, vacation, health and welfare benefits to employees doing floor covering work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, MN 55435, as the administrative agent designated by the Trustees.

5. Defendant accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) with the Lakes and Plains Regional Council of Carpenters and Joiners, Carpet, Linoleum, Resilient Tile Layers Local # 596. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 10th day of the month following the month for which the contribution is being made.

6. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendant's payroll records to determine its compliance with the reporting and contributions requirements.

7. The Plaintiffs requested that Defendant submit records for the period of March 1999 through April 2001. Defendant has failed and refused to produce such documents.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to the entry of Default against Defendant.

2. Defendant must produce all records as requested by Plaintiffs to allow Plaintiffs to complete an audit of its records for the period of March 1999 through April 2001.

**ORDER**

**IT IS ORDERED:**

1. That Plaintiff's motion is **GRANTED**.

2. The Clerk of Court is directed to enter a default against the Defendant.

3. The Defendant shall produce for inspection and audit the following business records for the period March 1999 through April 2001:

   a. All payroll registers;

   b. All time cards;

   c. All of Defendant's check registers and sequential canceled checks from all of Defendant's accounts;

   d. All documents evidencing payment from Defendant to all other individuals, including any claimed subcontractors. Such documents should include all subcontractor agreements or other similar documents, and certificates of insurance from any subcontractors; and

   e. All tax records and Minnesota Unemployment Compensation filing for 1999, 2000, and 2001.

4. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

5. Production and inspection shall occur within ten (10) days of entry of this Order at the premises of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439.

6. The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorney fees and costs.

7. That the amount of Plaintiffs' damages and Plaintiffs' claim for attorney fees and costs shall be determined by the Court upon application and affidavit of Plaintiffs' counsel.

Dated: August 21, 2001

Richard H. Kyle
United States District Judge